**In re Joyce Elizabeth SANDERS, Relator.**

No. 05–03–01678–CV.

Court of Appeals of Texas, Dallas.

Feb. 13, 2004.

Julie H. Quaid, Charles Joseph Quaid, Quaid & Quaid LLC, Dallas, for relator.

Mary D. McKnight, Law Office of Mary D. McKnight, Dallas, for real party of interest.

Before Justices WHITTINGTON, O'NEILL, and LANG.

## MEMORANDUM OPINION

Opinion by Justice O'NEILL.

In her petition for writ of mandamus, relator contends the trial court abused its discretion in denying her motion to disqualify opposing counsel because opposing counsel is a material fact witness. We agree and conditionally grant the writ.

Joyce Sanders and Bill Sanders are parties to a pending divorce and child custody suit. Bill Sanders works evenings and some weekends as a carpenter for his counsel in the divorce proceeding, Mary McKnight, to pay his legal fees. Joyce moved to disqualify McKnight from representing Bill alleging McKnight is a material fact witness for Bill in the custody case because she is his employer. After a hearing, the associate judge recommended the motion be denied. The parties agreed to allow the trial court to decide the matter de novo based on the record of the hearing before the associate judge. The trial court denied the motion to disqualify. Joyce then filed this original proceeding asserting McKnight is a fact witness on the contested issues of child custody and support. Bill responds that Joyce's motion is untimely, is a tactical weapon, and counsel's testimony does not go to an essential fact in the case.

In order to obtain a writ of mandamus, a relator must establish (1) that she does not have an adequate remedy at law and (2) the trial court clearly abused its discretion in denying the motion to disqualify. *Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex. 1992) (orig.proceeding). There is no adequate remedy at law for an order on a

# 212

motion to disqualify counsel and relief by mandamus is an available remedy. *In re Epic Holdings, Inc.,* 985 S.W.2d 41, 54 (Tex.1998) (orig.proceeding). We review the record presented to determine if the trial court clearly abused its discretion in denying the motion to disqualify.

We look to disciplinary rule of professional conduct 3.08 for guidance in determining disqualification of counsel. *Anderson Producing, Inc. v. Koch Oil Co.,* 929 S.W.2d 416, 421–22 (Tex.1996) (citing *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990) and *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990)). Rule 3.08 provides that

> (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case;
>
> (4) the lawyer is a party to the action and is appearing pro se;
>
> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work a substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R art. X § 9).

After reviewing the record, we conclude the trial court abused its discretion in denying the motion to disqualify McKnight from acting as trial counsel for Bill. McKnight's testimony as an employer relating to Bill's abilities to care for the minor child or pay child support, and her possibly adverse testimony about when the employment began leads us to conclude a fact finder may be confused or mislead by McKnight's dual roles. McKnight may continue to act as counsel for Bill on pretrial matters and, if the requirements of 3.08(c) are met, other attorneys with McKnight's firm may act as advocate for Bill in any adjudicatory proceeding in this case. *Anderson,* 929 S.W.2d at 422–23; *In re Bahn,* 13 S.W.3d 865, 873; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(c).

Accordingly, the Court conditionally **GRANTS** the writ of mandamus. The trial court is **ORDERED** to vacate its order denying relator's motion to disqualify counsel and to enter an order disqualifying Mary McKnight from acting as an advocate for Bill Sanders before any tribunal in the case styled *In the matter of the marriage of Joyce Elizabeth Sanders and Bill Martin Sanders and in the interest of Gracie Claire Sanders, a minor child,* number 02–15189, within thirty days of the date of this opinion and judgment. Should the trial court fail to do so, the writ will issue. The trial court is **ORDERED** to file a certified copy of its order in compliance with this opinion and judgment with this Court within thirty days of the date of this opinion and judgment.

WHITTINGTON, J., dissenting.

Justice WHITTINGTON, dissenting.

I respectfully dissent from the majority's decision to conditionally grant the petition for writ of mandamus.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Republican Party of Tex. v. Dietz,* 940 S.W.2d 86, 88 (Tex.1997) (orig.proceeding). With respect to the resolution of factual issues or matters committed to the trial judge's discretion, we may not substitute our judgment for that of the trial judge unless the relator establishes that the trial judge's decision is arbitrary and unreasonable. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.proceeding). The "employment" referred to by the majority is the performance of handyman jobs that Bill Sanders did for Mary McKnight after hours to help defray the cost of attorney's fees. The record before us supports the trial judge's determination that any confusion caused by McKnight's testimony regarding Bill's completion of the jobs for her would be *de minimis.*

Additionally, disciplinary rule of professional conduct 3.08 should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice because reducing the rule to such a use would subvert its purpose. Tex. Disciplinary R. Prof'l Conduct 3.08 cmt. 10, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). That is precisely what happened in this case. Relator's attorney was aware of issues regarding the handyman work for at least nine months prior to the priority jury trial setting in this case. Counsel waited until two months before trial to designate McKnight as a witness that *he* would call and move to disqualify her from representing her client.

In this bitterly contested divorce and custody case, the trial judge was in a much better position than the appellate court to evaluate the evidence, balance the competing interests, apply the law, and reach a decision. She did not reach a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error as a matter of law. Because the majority concludes the trial judge abused her discretion, I respectfully dissent. I would deny relator's petition writ of mandamus.